**SALT LAKE COUNTY, a body corporate and politic of the State of Utah, Plaintiff and Appellant,**

v.

**Teresa Jean RAMOSELLI, Defendant and Respondent.**

**No. 14726.**

Supreme Court of Utah.

July 22, 1977.

3. 41 Utah 501, 126 P. 959.

4. 19 Utah 2d 358, 431 P.2d 788.

5. 13 Utah 2d 422, 375 P.2d 762.

R. Paul Van Dam, Salt Lake County Atty., Quentin L. R. Alston, Deputy Salt Lake County Atty., Salt Lake City, for plaintiff and appellant.

Robert S. Campbell, Jr., of Watkiss & Campbell, Salt Lake City, for defendant and respondent.

HALL, Justice:

Plaintiff appeals from an adverse ruling of the district court as to its need for condemnation of some 11 acres of land to be used as a park and recreation area. The gravamen of the appeal is that the trial court exceeded its authority of judicial review despite the fact that at the time of trial it readily recognized the court's authority to determine the issue of necessity of the proposed acquisition. In fact, the parties stipulated and agreed at the time to bifurcate the trial, separating the issue of entitlement to condemn from that of just compensation for the taking and reserving the latter issue for a subsequent proceeding.

■ The power of eminent domain is not to be exercised thoughtlessly or arbitrarily and the courts possess full authority to determine the proper limits of the power to prevent abuses in its exercise,[1] and litigants should, and do have great latitude in conferring dispositive functions upon the court as they clearly did in this instance.

■ The question of necessity of the taking is the functional prerogative of the judicial system and that principle of law is stated in Nichols on Eminent Domain[2] as follows:

> . . . "In every case, therefore, there is a judicial question whether the taking is of such a nature that it is or may be founded on public necessity."

> . . .

The trial court clearly recognized its duty to determine the issue of necessity and pro-

---

1. 29A C.J.S. Eminent Domain § 87.

2. 1 Nichols on Eminent Domain, Sec. 4.11(2) p. 4–157.

ceeded to take evidence on that sole issue pursuant to the stipulation of the parties.[3]

Briefly stated, the evidence at trial was that no defined plans had been adopted or approved, that no time frame of use within the reasonably foreseeable future had been determined, despite the fact that a voluntary acquisition of nearby property for public use some six years prior had not as yet been placed to its intended purpose, and that no funds had been requested, budgeted, appropriated or were presently in existence to place the property in question to use.

■ At the conclusion of the trial, the court made its findings, which, generally stated, were that any use of the premises was uncertain, indefinite, speculative, and not within the reasonably foreseeable future. Based thereon, it concluded that plaintiff had failed in its burden of proving need or public necessity and that the attempted condemnation was clear abuse of discretion.

Plaintiff's challenge to the judgment fails since the parties sought and stipulated for the decision and there is an abundance of admissible, competent, substantial evidence to support the same.

In accord with the numerous pronouncements of this court, no attempt should be made to substitute our judgment for that of the trial court.

Affirmed. Costs to defendant.

MAUGHAN and WILKINS, JJ., concur.

ELLETT, Chief Justice (dissenting):

Salt Lake County, a body politic with power given by the legislature of this state to condemn land for public uses, brought this action to condemn 11.63 acres of land to be used as a park and recreation area. By agreement of the parties, the case was bifurcated and the only issue tried was the right of the county to condemn.

The testimony presented by the county showed that the area wherein the subject property is located is being thickly populated and has no adequate recreational parks to serve the people. It further showed that as early as 1974 plans were made for a recreational area to be established in the vicinity of the Ramoselli property.

The county has already acquired an adjoining tract of land containing an old pioneer house thereon, which land was a pioneer farm and which is to be maintained as an example of life on the farm one hundred years ago. The subject property also has a pioneer house in good condition which will be maintained and used as headquarters for an information center as to the farm, etc. The Ramoselli property is located at the corner of 6600 South and 900 East and affords access to the park and parking lot for those who visit the area. Other uses may be made of the area as the need arises.

A master plan of development of the entire county has been prepared and adopted, and the area in question is set apart as a recreational park area therein. There is no question but that the county has decided to use the property as above stated.

The trial court found that the county was "unentitled" to condemn the property and gave as his reasons: ". . . there did not and does not exist as of March, 1974, when the action was filed, a genuine need for the condemnation of the defendant (sic). Further the Court finds that a specific use of the property was not and still has not been defined by the governing board of Salt Lake County and that funds have not been budgeted for the construction of any public project on the condemned lands, and there is no showing what the county intends to use the property for in the foreseeable future."

Now, the county would not be expected to provide funds for the erection of facilities on land which it did not own prior to the acquisition thereof. The evidence is clear and certain that the use of the land is for a park and recreation facility. Whether it be a baseball field, a tennis court, a horseshoe pitching area, or merely a grassy place for children to romp and play, is not

**3.** Sections 78–34–4 and 78–34–8, U.C.A., 1953, emphasize the judicial authority in this area.

for the courts to decide. The general law is stated in 26 Am.Jur.2d, Eminent Domain, Sec. 112 as follows:

> where the intended use is public, the necessity and expediency of the taking may be determined by such agency and in such mode as the state may designate. The latter are legislative questions no matter who may be charged with their decision, and a hearing thereon is not essential to due process in the sense of the Fourteenth Amendment. It follows that *where the legislature has delegated the power of eminent domain to municipal or public service corporations, or other tribunals or bodies, and has given them discretion as to when the power is to be called into exercise and to what extent, the courts will not, as a general rule, inquire into the necessity or propriety of the taking.* (emphasis added)

The next section reads:

> A broad discretion is necessarily vested in those to whom the power of eminent domain is delegated, in determining what property is necessary for the public purpose, . . .[1]

The prevailing opinion cites Section 78–34–4(2), U.C.A., 1953 as authorizing the trial court to decide the *necessity of the taking.* The statute reads:

> . . . Before property can be taken it must appear:
>
> \*       \*       \*       \*       \*       \*
>
> (2) That the taking is necessary to such use; . . . [Emphasis added.]

Clearly the courts will not allow the taking of property that cannot be used for the purpose for which it is allegedly taken. That is what the statute says, and that is what it means. The court would not permit the county to take 100 acres of land for a horseshoe court or to sell it to a manufacturing concern.[2]

The Main opinion quotes from 1 Nichols on Eminent Domain to the effect that there is a judicial question as to whether the taking is of such a nature that it is or may be founded on public necessity. There can be no question that the taking of land for a public park is a taking for a public purpose.

The prevailing opinion did not quote from Nichols (supra) the following pertinent sections:

> Section 4.11. The overwhelming weight of authority makes clear beyond any possibility of doubt that the question of the necessity or expediency of a taking in eminent domain lies within the discretion of the legislature and is not a proper subject of judicial review.
>
> \*       \*       \*       \*       \*       \*
>
> . . . In accordance with the general principle, it has been held that the courts may not inquire into the question.
>
> (1) whether there is any necessity for the taking,
>
> (2) whether there is any need for resorting to eminent domain in effecting such acquisitions,
>
> (3) whether the time is a fitting one,
>
> (4) whether there is a need for the property to the extent sought to be acquired, . . .
>
> (5) whether there is any need for the particular estate sought to be condemned,
>
> .   .   .
>
> \*       \*       \*       \*       \*       \*
>
> Section 4.11(1). . . . Just as it is exclusively within the power of the legislature, except so far as it is limited by the provisions of the constitution, to decide what police regulations shall be enacted, what taxes shall be levied and what the duties of the various public officers shall be, so it is within the exclusive jurisdiction of the same body to determine what public improvements shall be constructed, where they shall be located, and whether the power of eminent domain shall be employed to acquire the necessary site.
>
> When the legislature has authorized the exercise of eminent domain in a particular case, it has necessarily adjudicated that the land to be taken is needed for the public use, and no other or further

---

1. 26 Am.Jur.2d., Eminent Domain, Sec. 113.

2. 1 Nichols on Eminent Domain, Sec. 4.11(2).

adjudication is necessary. When the legislature has made its decision and has authorized the taking of land by eminent domain, the owner has no constitutional right to have this decision reviewed in judicial proceedings or to be heard by a court on the question whether the public improvement for which it is taken is required by public necessity and convenience, or whether it is necessary or expedient that his land be taken for such improvement, unless the public use alleged for the taking is a mere pretense.

There is, however, at least a theoretical limit beyond which the legislature cannot go. The expediency of constructing a particular public improvement and the extent of the public necessity therefor are clearly not judicial questions; but it is obvious that, if property is taken in ostensible behalf of a public improvement which it can never by any possibility serve, it is being taken for a use that is not public, and the owner's constitutional rights call for protection by the courts. So, also, the due process clause protects the individual from spoliation under the guise of legislative enactment, and while it gives the courts no authority to review the acts of the legislature and decide upon the necessity of particular takings, it would protect an individual who was deprived of his property under the pretense of eminent domain in ostensible behalf of a public enterprise for which it could not be used. . . .

The County Commission, in the instant matter, is the legislative branch of government and it has the sole duty to determine the need for parks. Its ordinance providing for the need for, and creation of, a park cannot be reviewed by the court save to assure that the taking is necessary for the use to which it will be put. In this case there can be no question but that the land will be put to the use of a park.

The Utah case of *Postal Tel. Cable Co. v. Oregon S.L.R. Co.,* 23 Utah 474, 484, 485, 65 P. 735, 739 (1901) states the law of this state as follows:

. . . It may be said to be a general rule that, unless a corporation exercising the power of eminent domain acts in bad faith or is guilty of oppression, its discretion in the selection of land will not be interfered with. (citations omitted) With the degree of necessity or the extent which the property will advance the public purpose, the courts have nothing to do. (citations omitted) When the use is public, the necessity or expediency of appropriating any particular property is not a subject of judicial cognizance. (citations omitted)

In the instant matter the trial court did not find that the taking was not necessary to the *use as a park.* He found simply that the taking was not necessary; and in doing so, he impinged upon the legislative functions of the County Commission. He attempted to substitute his judgment as to the necessity of the need for a recreational area for that of the appellant, and in doing so he erred.

By stipulation of counsel the parties agreed that the case would be bifurcated and the only thing to be determined at this trial was the right of the county to condemn. By that stipulation, the county never intended to allow the judge to make a determination of legislative matters. In his fervor to usurp the legislative functions of the county, the trial court ruled that there was no need for an immediate occupancy when that matter was not even before it.

The ruling of the trial court should be reversed and the case remanded with directions to proceed with the unresolved issues. No costs should be awarded.

CROCKETT, J., concurs in the view expressed in the dissenting opinion of ELLETT, C. J.